UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

KRISTOPHER RILEY                                                                                             PLAINTIFF

VERSUS                                                        CIVIL ACTION NO. 1:12CV319-HSO-RHW

JENNIFER HALPHEN et al                                                                              DEFENDANTS

**PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

This matter is before the Court *sua sponte* for consideration of Plaintiff's employment discrimination lawsuit filed on October 17, 2012. On October 14, 2014, the Court entered an order granting attorney Kendrick Raytron Kennedy's motion to withdraw as attorney of record for Plaintiff Kristopher Riley. Doc. [40]. Counsel was allowed to withdraw based on Plaintiff's failure to maintain contact with Mr. Kennedy, failure to keep scheduled appointments, and disagreement on how to proceed in the case. *Id.* The Court set a deadline of November 14, 2014, for Plaintiff to obtain substitute counsel or to inform the Court in writing of his intention to proceed *pro se*. The Court cautioned Plaintiff that failure to obtain substitute counsel or to inform the Court in writing of his intention to proceed *pro se* within the time allowed may result in the dismissal of his lawsuit. The November 14th deadline has passed by almost a month. Plaintiff did not obtain substitute counsel. Nor has he communicated with the Court regarding his intention to proceed *pro se*, or on any other matter connected with his case.

On November 24, 2014, the Court noticed a settlement conference to be held on December 11, 2014. Attorneys for the Defendants appeared at the appointed time and place. Plaintiff failed to appear. Based on Plaintiff's conduct, the undersigned concludes that he no

longer wishes to pursue his lawsuit.  Accordingly, the undersigned recommends that the lawsuit be dismissed because Plaintiff has not complied with the Court's orders, has not obtained substitute counsel or communicated to the Court his intention to proceed *pro se*, and failed to appear for a settlement conference.

## **RECOMMENDATION**

The undersigned recommends that Plaintiff's lawsuit be dismissed without prejudice for failure to prosecute.

## **NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 11th day of December, 2014.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE

3