IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

KRISTOPHER RILEY                                                                  PLAINTIFF

VERSUS                                      CIVIL ACTION NO. 1:12cv319-HSO-RHW

JENNIFER HALPHEN, Individually
and in Her Official Capacity, *et al.*                                           DEFENDANTS

**ORDER ADOPTING MAGISTRATE JUDGE'S [45] PROPOSED
FINDINGS OF FACT AND RECOMMENDATION, AND DISMISSING
PLAINTIFF'S REMAINING CLAIMS WITHOUT PREJUDICE**

This matter comes before the Court on the assigned Magistrate Judge's Proposed Findings of Fact and Recommendation [45], entered on December 11, 2014. After consideration of the Proposed Findings of Fact and Recommendation, the record in this case, and relevant legal authorities, and for the reasons discussed below, the Court finds that the Proposed Findings of Fact and Recommendation should be adopted as the finding of this Court, and that Plaintiff's remaining claims in this action should be dismissed without prejudice.

I. BACKGROUND

This case stems from Plaintiff Kristopher Riley's ["Plaintiff"] employment with Defendant Specialized Treatment Facility ["STF"] as a Mental Health Active Treatment Tech Trainee. Plaintiff filed his Complaint through retained counsel on October 17, 2012. Compl. [1] at 1. He filed an Amended Complaint [4] on March 11, 2013, and a Second Amended Complaint [16] on June 5, 2013. Plaintiff named as Defendants STF, Mississippi Department of Mental Health, and Individual Defendants Jennifer Halphen, James "Rocky" Miles, Randy Rohrbacher, Stacey

Miller, and Edwin C. LeGrand, III, in their individual and official capacities. Second Am. Compl. [4] at 1.

The Second Amended Complaint charges that Plaintiff was discriminated against and harassed because of a disability from which he suffers and that Defendants failed to reasonably accommodate him which ultimately caused Plaintiff to resign from his position with STF. *Id.* at 1–2. The Second Amended Complaint asserts claims for alleged violations of Plaintiff's civil rights under 42 U.S.C. § 1983, specifically the Fourteenth Amendment's Equal Protection Clause, and of the Americans with Disabilities Act, 42 U.S.C.A. §§ 12101, *et seq.*, [the "ADA"]. Plaintiff also advances claims under 42 U.S.C. § 1985 for conspiracy to interfere with Plaintiff's civil rights; under 42 U.S.C. § 1986 for negligently or intentionally failing to prevent a conspiracy to deprive Plaintiff of his civil rights; for failure to adequately train and supervise officials; for negligent hiring, retention, and failure to discipline or take necessary corrective action; for violation of the ADA; and for violation of the Rehabilitation Act, 29 U.S.C. §§ 701, *et seq*. *See id.* at 8–20. The Second Amended Complaint also asserts pendent state law claims. *Id.* at 20–22. On March 26, 2014, the Court entered a Memorandum Opinion and Order [30] dismissing with prejudice Plaintiff's claims against Defendants Jennifer Halphen, Edwin C. LeGrand, III, James Miles, Stacey Miller, and Randy Rohrbacher in their individual capacities.

On September 19, 2014, Plaintiff's counsel moved to withdraw as attorney of record, stating that "Plaintiff failed to maintain contact with this attorney and fell

[sic] to keep scheduled appointments," and "Plaintiff and Attorney have come to an impasse and disagree on how to proceed further in this case." Mot. [38] at 1. Plaintiff's counsel filed a Notice [39] on September 24, 2014, indicating that the Motion to Withdraw was e-mailed and mailed to Plaintiff on September 24, 2014. Notice [39] at 1. Plaintiff did not respond to his attorney's Motion.

On October 14, 2014, the Magistrate Judge granted the Motion to Withdraw [38]. Order [40] at 1. The Magistrate gave Plaintiff "until **November 14, 2014**, to obtain substitute counsel or to inform the Court in writing of his intention to proceed pro se." *Id.* (emphasis in original). The Magistrate cautioned Plaintiff that "**failure to obtain substitute counsel or to inform the Court in writing of his intention to proceed pro se within the time allowed may result in the dismissal of his lawsuit.**" *Id.* (emphasis in original). The Order [40] was mailed to Plaintiff and was not returned as undeliverable.

On October 24, 2014, the Magistrate Judge noticed a settlement conference for December 11, 2014. Notice of the settlement conference was mailed to Plaintiff at his address of record and was not returned to the Court as undeliverable. Defense counsel appeared at the settlement conference, but Plaintiff did not. *See* Dec. 11, 2014, Minute Entry. On the same date, the Magistrate Judge entered his Proposed Findings of Fact and Recommendation [45]. The Magistrate Judge found that, based upon Plaintiff's conduct, Plaintiff no longer wishes to pursue his lawsuit. The Magistrate Judge noted that since Plaintiff's counsel was allowed to withdraw from this case Plaintiff had not complied with the Court's Orders, had not

obtained substitute counsel or communicated to the Court his intention to proceed pro se, and had failed to appear for a settlement conference held before the Magistrate Judge. Proposed Findings of Fact and Recommendation [45], at 1-2. The Magistrate Judge recommended that this civil action be dismissed without prejudice. *Id.* A copy of the Proposed Findings of Fact and Recommendation was sent to Plaintiff at his last known address by certified mail, return receipt requested, but the envelope was returned as unclaimed [46]. To date, no objection to the Proposed Findings of Fact and Recommendation has been filed.

## II.  DISCUSSION

Where no party has objected to a magistrate judge's proposed findings of fact and recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("a judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made"). In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Having conducted the required review, the Court concludes that the Magistrate Judge's findings are not clearly erroneous, nor are they an abuse of discretion or contrary to law. For the foregoing reasons, the Court will adopt the Magistrate Judge's Proposed Findings of Fact and Recommendation [45] as the opinion of this Court and dismiss Plaintiff's remaining claims without prejudice.

Even if the Court were to conduct a de novo review, dismissal of Plaintiff's claims is warranted. This Court has the authority to dismiss an action for Plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash Railroad*, 370 U.S. 626, 630-31 (1962); *McCullough v Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. *See Link*, 370 U.S. at 630-31.

Plaintiff did comply with the deadline provided by the Magistrate Judge even after being warned that his failure to obtain substitute counsel or inform the Court in writing of his intention to proceed pro se within the time allowed might result in the dismissal of his lawsuit. Order [40] at 1. Plaintiff failed to appear for a settlement conference scheduled with the Magistrate Judge on December 11, 2014, and has failed to file any documents into the record of this case since his counsel was permitted to withdraw on October 14, 2014. The envelope containing the Show Cause Order was also returned as "unclaimed" [46] by Plaintiff.

Defendant has filed a Motion for Summary Judgment [43] to which Plaintiff has not responded. This matter is currently set for a pretrial conference on March 17, 2015, and for trial on April 6, 2015. Plaintiff has filed nothing in this case since his counsel withdrew. Such inaction presents a clear record of delay or

contumacious conduct by Plaintiff.  It is apparent to the Court that Plaintiff no longer wishes to pursue this lawsuit.  Dismissal without prejudice is warranted.

### III.  CONCLUSION

For the reasons stated herein, the Court concludes that the Magistrate Judge's Proposed Findings of Fact and Recommendation should be adopted as the finding of this Court, and Plaintiff's remaining claims will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Magistrate Judge's Proposed Findings of Fact and Recommendation [45], entered in this case on December 11, 2014, is adopted as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Kristopher Riley's remaining claims against Defendants are hereby **DISMISSED WITHOUT PREJUDICE**.  A separate judgment will be entered in accordance with this Order, as required by Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED**, this the 22nd day of January, 2015.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE